# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELADIO S. ELEGINO JR.; NENITA T. ELEGINO,<br><br>  Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK; et al.,<br><br>  Defendants. | CASE NO. 11 CV 1424 (MMA) NLS<br><br>**ORDER REMANDING ACTION TO STATE COURT FOR LACK OF JURISDICTION;**<br><br>**DENYING MOTION TO DISMISS AS MOOT**<br><br>[Doc. No. 4] |

Plaintiffs Eladio S. Elegino Jr. and Nenita T. Elegino initiated this action in the San Diego Superior Court against Defendants Wells Fargo Bank and NDeX West alleging various state law claims. [Doc. No. 1, Exh. A.] On June 28, 2011, Defendant Wells Fargo Bank ("Wells Fargo") removed the case to this Court based on diversity jurisdiction. On November 28, 2011, the Court concluded the record is incomplete with respect to Wells Fargo's citizenship, and ordered Wells Fargo to: (i) identify its principal place of business; and (ii) address how its principal place of business affects diversity in this matter. [Doc. No. 11.]

On December 12, 2011, Defendant filed its response to the Court's order to show cause. [Doc. No. 14.] Defendant's response, however, is largely non-responsive. First, Defendant does not explicitly identify its principal place of business as ordered by the Court. Second, Defendant

1 erroneously frames the question posed by the Court as "why *Saberi, Mount, Firstar and Horton*
2 should not be followed to find Wells Fargo a citizen of California based on where its principal
3 place of business ("PPB) [sic] is "located." [Doc. No. 14, p.1.] In its November 28, 2011 Order to
4 Show Cause, the Court stated it "is persuaded by the rationale in *Saberi*." [Doc. No. 11, p.6.]
5 Under *Saberi*, Defendant's principal place of business is critical to the Court's diversity
6 jurisdiction analysis. Therefore, the Court instructed Defendant to provide the previously
7 undisclosed information. Defendant failed to do so. Instead, Defendant treated the Court's Order
8 to Show Cause as an opportunity to argue why *Saberi* was wrongly decided.

9      Defendant's brief exceeds the scope of information sought by the Court's Order to Show
10 Cause, and the Court declines to address the unsolicited arguments. The Court reiterates its
11 conclusion that *Saberi* was correctly decided, and incorporates by reference its analysis set forth in
12 the November 28 Order. In light of the strong presumption against removal jurisdiction, and the
13 requirement that any doubt as to the propriety of removal must be resolved in favor of remand, the
14 Court holds that it lacks subject matter jurisdiction over this case and the action must be remanded
15 to state court. *See Guas v. Miles, Inc.*, 980 F.2d 566-67 (9th Cir. 1992). Moreover, this result is
16 consistent with several recent opinions issued by the California district courts, including the
17 Southern District. *See, e.g., Uriarte v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 127497
18 (S.D. Cal. Nov. 3, 2011) (finding Wells Fargo is a citizen of California and remanding for lack of
19 diversity); *Young v. Wachovia Mortgage FSB*, 2012 U.S. Dist. LEXIS 7936 (C.D. Cal. Jan. 23,
20 2012) (rejecting Wells Fargo's argument that its citizenship is limited to South Dakota and
21 remanding for lack of diversity); *Brew v. Wells Fargo*, 2012 U.S. Dist. LEXIS 6796 (E.D. Cal.
22 Jan. 20, 2012) (finding Wells Fargo is a citizen of California and remanding for lack of diversity).

23      For the reasons stated above, the Court finds and concludes that it does not have subject
24 matter jurisdiction over this action. Accordingly, Defendant's pending motion to dismiss [Doc.
25 No. 4] is **DENIED AS MOOT** and the above captioned case is **REMANDED** to the Superior
26 Court for the County of San Diego, case no. 37-2011-00092579-CU-OR-CTL.
27 / / /
28 / / /

1 | The Clerk of Court is instructed to return the case to the state court forthwith and to close this action.

**IT IS SO ORDERED.**

DATED: January 27, 2011

Hon. Michael M. Anello
United States District Judge